UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                    Case No. 04-20038-BC
                                      Honorable Thomas L. Ludington

DONALD NORTON YORK,

        Defendant.
_____/

**GOVERNMENT'S MEMORANDUM
REGARDING THE SCOPE OF THE WAIVER
OF THE ATTORNEY-CLIENT PRIVILEGE**

Defendant has filed a motion to withdraw his plea of guilty. The basis for the motion is the alleged ineffective assistance of his trial counsel. Defendant claims that on the date he pled guilty, which was the scheduled trial date, his attorney informed him of a plea offer tendered by the government. The offer ostensibly was to plead guilty to count one of the sixth superseding indictment charging conspiracy to distribute fifty grams or more of a mixture containing methamphetamine with a sentence agreement of not more than five years in prison. Defendant asserts that he had only about fifteen minutes to review the offer and decide whether to accept it. Defendant further claims that he was given only four pages of a ten page agreement to review. Defendant alleges that while he was contemplating the offer, his counsel informed the defendant's wife of the pending offer, also telling her that there was a sentencing agreement for only five years.

Defendant next claims that his trial counsel returned and encouraged him to accept the offer, assuring defendant would be released in a short time due to his lengthy pre-trial detention. Defendant contends that he accepted the offer based upon the representations made by counsel,

his limited time to review and decide upon the offer, and the circumstances in his personal life, particularly his post-traumatic stress disorder and his wife's illness.  Defendant alleges that he was next advised by counsel what to say during the plea colloquy and to go along with whatever was said as an agreement had been reached between counsel and the court for the five year sentence.

Defendant also claims that his attorney's instructions to go along with what was said continued during the pre-sentence investigation.  When defendant reviewed the pre-sentence report and noticed its recommendation of incarceration from 188 to 235 months, he contacted his attorney.  Again, according to defendant, the attorney advised him not to worry because of the sentencing agreement.  These assurances supposedly persuaded defendant not to ask his attorney to make a motion to withdraw his plea.  After some contemplation, defendant claims that he contacted his counsel and advised him that he wanted to withdraw his plea because neither the pre-sentence report nor the plea agreement mentioned the five year sentence agreement.  Defendant claims that his attorney then informed him that it was too late to challenge the plea and that defendant had to abide by the terms of the plea agreement set forth in court regardless of the imposed sentence and then terminated the conversation.

In preparing for the evidentiary hearing, the defendant has acknowledged that his motion constitutes a waiver of the attorney-client privilege and that his trial counsel must testify at the motion hearing.  However, defendant asserts that the attorney's testimony must be limited to only those discussions that took place on the date of the guilty plea.

The ability of a client to waive the protection of the attorney-client privilege has been recognized since Civil War times. *Blackburn v. Crawfords Lessee*, 70 U.S. 175, 194 (1865). The privilege may be waived in two ways. An express waiver of the privilege takes place when the holder of the privilege voluntarily discloses communications between the holder and the attorney to a third party. An implied waiver takes place when the holder engages in conduct which implies a waiver of the privilege or a consent to disclosure. *In re Columbia/HCA Healthcare Corp. Billing Practices Litigation*, 293 F.3d 289, 294 (6th Cir. 2002). Courts routinely recognize an implied waiver of the attorney-client privilege when the client makes a claim of the ineffective assistance of counsel. *In re Lott*, 424 F.3d 446 (6th Cir. 2005); *Johnson v. Alabama*, 256 F.3d 1156 (11th Cir. 2001). The difference between an express and implied waiver is cogently explained in *Bittaker v. Woodford*, 331 F.3d 715 (9th Cir. 2003), where the court stated:

> "The doctrine of implied waiver allocates control of the privilege between the judicial system and the party holding the privilege." *Privileged Communications*, 98 Harv. L. Rev. at 1630. The court imposing the waiver does not order disclosure of the materials categorically; rather, the court directs the party holding the privilege to produce the privileged materials *if* it wishes to go forward with its claims implicating them. The court thus gives the holder of the privilege a choice: If you want to litigate this claim, then you must waive your privilege to the extent necessary to give your opponent fair opportunity to defend against it.

*Id.* at 720.

Although implied waivers are narrowly construed, *Lott*, 424 F.3d at 453 (courts "must impose a waiver no broader than needed to ensure the fairness of the proceeding before it"), a defendant who alleges ineffective assistance of counsel "put[s] at issue-and thereby waives-any privilege that might apply to the contents of his conversations with those attorneys to the extent

3

those conversations bore on his attorneys' strategic choices." *Id.* (Citing *Bittaker*, *supra*); *see also Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974); *Laughner v. United States*, 373 F.2d 326 (5th Cir. 1967); *In re Sealed Case*, 676 F.2d 793, 818 (DC Cir. 1982)("The client's offer of his own or the attorney's testimony as to a specific communication to the attorney is a waiver as to all other communications to the attorney on the same matter," *quoting* 8 J. Wigmore, Evidence in Trials at Common Law § 2327 at 638).

The attorney-client privilege cannot at once be used both as a shield and a sword. *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2nd Cir. 1991). Although defendant relies on a number of specific conversations between him and his attorney in support of his claim of ineffective assistance, defendant's challenge to his attorney's conduct is much broader. Defendant contends that "but for" his attorney's representations he would not have followed his attorney's recommendation and pleaded guilty. Defendant further contends that "but for" his attorney's representations and recommendations, he would have moved immediately to withdraw his guilty plea upon seeing the pre-sentence report. Accordingly, any conversation, fact communicated to the attorney, or trial strategy behind such advice is subject to full disclosure by the attorney. It would be fundamentally unfair to allow defendant to pick and choose limited issues within the relationship to allege ineffective assistance and not allow the attorney to respond with all of the facts and circumstances that resulted in the advice imparted. As noted in *Lott*, those are precisely the types of conversations that bear upon the attorney's strategic choices.

Once waived, the privilege may not be reasserted. *United States v. Blackburn*, 446 F.2d 1089 (5th Cir. 1971); *Drimmer v. Appleton*, 628 F.Supp. 1249 (S.D.N.Y. 1986). The irrevocable nature of the waiver is highlighted in situations where the attorney testifies in the case-in-chief

against his/her former client once there has been a waiver. *Tasby*, *supra*; *United States v. Suarez*, 820 F.2d 1158 (11th Cir. 1987). The existence of an attorney-client privilege is to be strictly construed. *Diversified Industries, Inc. v. Meredith*, 572 F.2d 596 (8th Cir. 1977). As such, it either exists or does not.

The United States respectfully submits that, given the allegations of ineffective assistance made by defendant, the Court should find that defendant has waived the attorney-client privilege with respect to any and all conversations between defendant and his trial counsel relating to his decision to plead guilty, including any conversations touching on the strength of the government's case and possible defenses thereto, and any and all conversations relating to defendant's desire to withdraw his guilty plea.

        Respectfully submitted,

        TERRENCE BERG
        Acting United States Attorney

Dated: September 3, 2008

        s/Norman W. Donker (P31732)
        Assistant United States Attorney
        **Primary Address:**
        600 Church St., Suite 200
        Flint, MI 48502
        norman.donker@usdoj.gov
        810-766-5177
        **Mail for this case should be directed to:**
        101 First St., Suite 200
        Bay City, MI 48708
        989-895-5712

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 3, 2008, I caused to be electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Shawn M. Sutton.

Dated: September 3, 2008            s/Norman W. Donker (P31732)
Assistant United States Attorney
**Primary Address:**
600 Church St., Suite 200
Flint, MI 48502
norman.donker@usdoj.gov
810-766-5177
**Mail for this case should be directed to:**
101 First St., Suite 200
Bay City, MI 48708
989-895-5712