**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,                                            Case Number 04-20038-01

vs.                                                   HONORABLE THOMAS J. LUDINGTON
                                                          United States District Judge

DONALD YORK,

                                                          MAGISTRATE JUDGE CHARLES E. BINDER
    Defendant.                                   United States Magistrate Judge
_____/

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION**
**TO WITHDRAW PLEA REGARDING ATTORNEY/CLIENT PRIVILEGE**

NOW COMES the Defendant, DONALD YORK, by and through his attorney, SHAWN M. SUTTON, and hereby files this Supplemental Memorandum to Defendant's Brief in Support of Motion to Withdraw Guilty Plea filed by Attorney James Piazza.

Defendant filed a Motion to withdraw his plea based on ineffective assistance of counsel. Defendant stated that his attorney misrepresented the Rule 11 Agreement due to his counsel stating that Defendant would only receive a sentence of five (5) years prison. Defendant further stated that his counsel told him what to say in regards to the plea agreement, as well as his interview for his presentence investigation report. Due to the Defendant filing his Motion to withdraw his plea on ineffective assistance of counsel, the Government requests that Defendant waive his attorney/client privilege in this matter. Defendant refuses to waive attorney/client privilege for all matters. Defendant believes that the waiver of attorney/client privilege should only deal with the issue of the misrepresentation Defendant's counsel gave him regarding the sentence of up to five (5) years. It is the defense's contention that the waiver of attorney/client privilege should only

be from the time of the discussions of the Rule 11 Agreement, which was October 3, 2007 until the present time.

Under *Mason vs. Mitchell*, 293 F.Supp.2d 819 (N.D. Ohio 2003), the Court believed that the attorney/client privilege is waived to the extent necessary to litigate the petitioner's ineffective assistance of counsel claims. In the case of *United States District Court, E.D. Michigan, Southern Division vs. James Lossia*, No. 04-80422, the Court found that the petitioner personally waived his attorney client privilege by asserting ineffective assistance of counsel claims in his petition. The Court further stated that the waiver of attorney/client privilege is only to the extent necessary to litigate the petitioner's claim. That Court relied on the 9th Circuit decision in *Bittaker vs. Woodford*, 331 F.3d 715 (9th Cir. 2003), which found that the waiver of attorney/client privilege be limited to the extent necessary to litigate a petitioner's ineffective assistance of counsel claims. *Id* at 722. The Court ruled, "if the federal court's were to require habeas petitioners to give up the privilege categorically and for all purposes attorneys representing criminal defendants in state court would have to worry constantly about whether the case files and client conversations would some day fall into the hands of the prosecution." *Id*. The Court further stated that it should limit its waiver to the extent necessary for the state to defend the ineffective assistance claim.

In the case at hand the Defendant is only claiming ineffective assistance of counsel in regards to defense counsel's misrepresentation to the Defendant that he would only get five (5) years if he accepted the Rule 11 Agreement. Therefore, the waiver of attorney/client privilege should only deal with this issue and nothing further. Therefore,

the waiver should be limited from the date of discussions of the Rule 11 Agreement, which was October 3, 2007 until the present time.

In *Bittaker vs. Woodford*, 331 F.3d 715 (9th Cir. 2003), the Court used three (3) important factors in determining the Doctrine of Implied Waiver. (1) The Court must impose a waiver no broader than needed to insure the fairness of the proceedings before it; (2) the holder of the privilege may preserve the confidentiality of the privileged communication by choosing to abandon the claim that gives rise to the waiver condition; and (3) if the party complies with the Court's condition and turns over privileged materials it is entitled to rely on the contours of the waiver the Court imposes so that it will not be unfairly surprised in the future by learning that it actually waived more than it bargained for in pressing it's claims. It is Defendant's position that when using these three factors that Defendant's waiver of attorney/client privilege should be limited to the issue of whether or not defense counsel was ineffective by telling the Defendant that he would only get five (5) years and to say what he told him to say. If Defendant's counsel is allowed to divulge more information outside of this issue it would unfairly prejudice the Defendant at a later time if his motion to withdraw his plea is granted. It is irrelevant of what occurred before October 3, 2007 discussion because Defendant stated in his motion that he relied on defense counsel's statements on October 3, 2007 in making his decision not what was said before that date. If the Court extended the waiver of the attorney/client privilege beyond this issue, it would immediately and adversely affect the Defendant at his trial for the prosecution could and would have the counsel's entire case file to use against him at that trial. If the Defendant is successful in this motion, then he should be restored to the position he would have been in had there not been ineffective assistance of counsel. If the

Court grants the Government this broad waiver it is forcing the Defendant to make a hard decision overturning his claim of ineffective assistance of counsel and risks that anything he told his attorney to be used against him at trial or asserting the attorney/client privilege and giving his claim of ineffective assistance of counsel. The U.S. Constitution guarantees the Defendant a right to effective assistance of counsel at trial and under 28 U.S.C. § 2254, Congress has provided the Defendant an avenue to claim that his constitutional rights were violated if the Court's do not limit the waiver of attorney/client privilege. The prosecution would not be unfairly prejudice if the Court narrowly tailored the Defendant's waiver.

It is the Defendant's contention that Defendant's waiver of attorney/client privilege in this motion should be limited to the issue at hand as stated above, as well as stated at the hearing that took place on August 18, 2008 before this Court. Defense requests that the Court enter an order limiting the waiver and enter an order that limits the Government's use of the documents and information contained therein to rebut petitioner's claims. Furthermore, the Government shall not use the documents or any information contained therein against the Defendant in any matter during any future proceeding, including any possible trial and the Government shall treat the documents and information contained therein as confidential and not disseminate them or disclose their contents other than in the course of its litigation of this motion.

LAW OFFICE OF SHAWN M. SUTTON

Dated: September 2, 2008

*s/Shawn M. Sutton*
By: Shawn M. Sutton (P47142)
Attorney for Defendant
306 5th Street, Suite 301
Bay City, MI  48708
(989) 891-0860
sutton.law@sbcglobal.net

~ 4 ~